IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HOWARD COHAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GREATER ATLANTA HOTEL, LLC, | : | CIVIL ACTION NO. |
| | : | 1:22-CV-00689-LMM |
| | : | |
| Defendant. | : | |

**ORDER**

This case comes before the Court on Plaintiff Howard Cohan's Motion for Default Judgment [7]. After due consideration, the Court enters the following Order:

**I.   BACKGROUND**

Plaintiff Howard Cohan alleges that Defendant Greater Atlanta Hotel, LLC violated Title III of the Americans with Disabilities Act ("ADA") and the 2010 ADA Standards for Accessible Design ("2010 Standards")[1] because of discriminatory

---

[1] The Department of Justice published the 2010 Standards to detail ADA compliance requirements for public accommodations and other facilities. U.S. Dep't of Just., 2010 ADA Standards for Accessible Design (2010). The 2010 Standards consist of federal regulations contained in 28 C.F.R. § 35.151, 28 C.F.R. part 36, and 36 C.F.R. part 1191 that elaborate on the ADA's general prohibition against discrimination by providing detailed requirements for ADA-accessible facilities, including specific measurements, definitions, and other accessibility expectations. Id. at 15–252. Because compliance with the ADA necessarily entails

barriers at Defendant's Aloft Alpharetta hotel ("Aloft"). Dkt. No. [1] ¶¶ 17–34 (citing 42 U.S.C. § 12181 et seq. and U.S. Dep't of Just., 2010 ADA Standards for Accessible Design (2010)). Plaintiff suffers from multiple permanent disabilities that impair his performance of normal tasks, cause sudden severe pains, and sometimes require use of mobility aids. Id. ¶¶ 7, 10. Plaintiff claims that he visited Aloft twice and that on both occasions he encountered multiple barriers that rendered the facility inaccessible to him and incompatible with ADA requirements for places of public accommodation. Id. ¶¶ 17–18, 26–29.

Plaintiff filed his Complaint on February 18, 2022, Dkt. No. [1], and properly served Defendant on March 7, 2022, Dkt. No. [4]. Defendant never filed an answer or other response. Upon Plaintiff's motion, Dkt. No. [5], the Clerk entered default against Defendant on April 8, 2022. Plaintiff now moves for default judgment, seeking (1) declaratory relief stating that Defendant violated the ADA and the 2010 Standards and (2) injunctive relief ordering Defendant to bring its facility into compliance with the ADA and 2010 Standards and to reevaluate its policies, practices, and procedures affecting individuals with disabilities. Dkt. No. [7].

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for securing a default judgment. First, a party seeking default must obtain a Clerk's entry of

---

compliance with the 2010 Standards, Am. Ass'n of People with Disabilities v. Harris, 647 F.3d 1093, 1103 n.23 (11th Cir. 2011), the Court primarily refers to "the ADA" in this Order, rather than listing the individual provisions of the 2010 Standards referenced in Plaintiff's Complaint. Dkt. No. [1] ¶ 28.

default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55; see also Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("First, the clerk must enter a party's default . . . . [T]he party [seeking default judgment] must then apply to the court for a default judgment."). Second, after the Clerk has made an entry of default, the party seeking default judgment must file a motion for default judgment under Rule 55(b)(1) or (2). A Clerk's entry of default under Rule 55(a) is thus a prerequisite for default judgment to be granted under Rule 55(b). Sun v. United States, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004).

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Entry of default does not, however, automatically warrant the Court's entry of default judgment. Frazier, 767 F. Supp. 2d at 1362 (citing Nishimatsu Constr., 515 F.2d at 1206).

Even if a defendant is in default, it "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. (quoting Nishimatsu Constr., 515 F.2d at 1206); see also United States v. Kahn, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

claim." (citing Nishimatsu Constr., 515 F.2d at 1206)). "There must be a sufficient basis in the pleadings for the judgment entered," and "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr., 515 F.2d at 1206. This means that the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Frazier, 767 F. Supp. 2d at 1362 (quoting 10A Wright, Miller & Kane, Federal Practice & Procedure § 2688 (3d ed.)). A plaintiff's burden at the default judgment stage is "akin to that necessary to survive a motion to dismiss for failure to state a claim." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Id.

Because entry of default constitutes an admission of the facts in a complaint, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Moreover, a defaulted defendant does not admit to allegations relating to the amount of damages. Frazier, 767 F. Supp. 2d at 1365. Therefore, before entering a final order regarding a default judgment, a court may conduct a hearing to determine the amount of damages, but "[a]n evidentiary hearing is not a *per se* requirement" for an entry of default judgment pursuant to Rule 55(b)(2) because said Rule "speaks of evidentiary hearings in a permissive tone." SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); Fed. R. Civ. P. 55(b)(2) (explaining that "[t]he court *may* conduct hearings

or make referrals . . . [to] determine the amount of damages" (emphasis added)). "District courts in the Eleventh Circuit have noted that an evidentiary hearing is not necessary where the moving party has provided supporting affidavits as to the issue of damages." Frazier, 767 F. Supp. 2d at 1365.

## III. DISCUSSION

The Court first briefly addresses standing, then considers whether Plaintiff adequately pled a violation of the ADA, and finally evaluates his requests for equitable relief and attorney's fees.

### A. Standing

The Court first acknowledges that Plaintiff has standing to bring this claim. The "irreducible constitutional minimum of standing contains three elements." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). First, a plaintiff must show an "'injury in fact'—an invasion of a legally protected interest which is [] concrete and particularized." Id. (citing Allen v. Wright, 468 U.S. 737, 751 (1984)). "Second, there must be a causal connection between the injury and the conduct complained of." Id. (citing Simon v. E. Ky. Welfare Rts. Org., 426 U.S. 26, 41–42 (1976)). And third, the injury must be likely to "be 'redressed by a favorable decision.'" Id. at 561 (quoting Simon, 426 U.S. at 38).

Here, Plaintiff contends that he both suffered from discrimination at the Aloft facility because ADA violations at Aloft aggravated his physical injuries during his stays there and that he remains deterred from staying at Aloft because of its inaccessibility, sufficient to satisfy injury in fact. Dkt. No. [1] ¶¶ 18, 28.

Further, Plaintiff pled that Defendant owns or operates Aloft and that Defendant's facilities, policies, practices, and procedures at Aloft caused him to suffer discrimination by straining his injuries and precluding him from the full enjoyment of Aloft facilities that people without disabilities experience there. Id. ¶¶ 16–19, 28. Such a showing is sufficient to meet standing's causation requirement. Last, granting Plaintiff's requested relief would redress his injuries because discriminatory barriers at Aloft would no longer deter Plaintiff from staying there, and Plaintiff would be able to fully enjoy Aloft's facilities after Defendant cures its discriminatory barriers and practices there.

### B. Liability

Plaintiff requests that the Court enter judgment against Defendant for alleged violations of the ADA. Dkt. No. [7] at 8–11. The ADA prohibits discrimination on the basis of disability in places of public accommodation, such as hotels. 42 U.S.C. §§ 12181(7)(A), 12182(a). To demonstrate that Defendant discriminated against Plaintiff in violation of the ADA, Plaintiff must show (1) that he is disabled within the meaning of the ADA; (2) that Defendant owns, leases, or operates a place of public accommodation; and (3) that Defendant discriminated against him within the meaning of the ADA. Id. § 12182(a), (b)(2)(A); Norkunas v. Seahorse NB, LLC, 444 F. App'x 412, 416 (11th Cir. 2011). The Court finds that Plaintiff has satisfied all three of these elements.

First, the Complaint alleges that Plaintiff suffers from multiple permanent disabilities, including severe spinal stenosis, shoulder and knee injuries, and joint

6

arthritis, which can cause severe pain and "limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work." Dkt. No. [1] ¶ 7. Thus, Plaintiff's injuries constitute a disability under the ADA. See 28 C.F.R. § 36.105.

Second, Plaintiff alleges that Defendant owns or operates Aloft and that Aloft qualifies as a place of public accommodation. Id. ¶¶ 5, 25–26. As a hotel, Aloft fits squarely within the ADA's definition of a place of public accommodation. See 28 C.F.R. § 36.104.

Third and finally, Plaintiff pled that Defendant failed to comply with the ADA's requirements for places of public accommodation. In relevant part, the ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of . . . facilities . . . or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff's claim centers on discrimination in two forms: (1) Defendant's failure to remove "architectural barriers" at Aloft and (2) Defendant's "failure to modify its policies, practices, or procedures" pertaining to people with disabilities. Dkt. No. [1] ¶¶ 31–32.

As to the first form, the ADA specifically lists failure to remove architectural barriers as an example of discrimination: "[D]iscrimination includes . . . a failure to remove architectural barriers . . . where such removal is readily achievable . . . ." 42 U.S.C. § 12182(b)(2)(A)(iv). The pertinent regulations and the 2010 Standards expand on this principle and align with the allegations in Plaintiff's complaint. 28 C.F.R. § 36.304; Dkt. No. [1] ¶ 28. For example, the regulations list "[i]nstalling

7

accessible door hardware," "[i]nstalling grab bars in toilet stalls," and "[r]earranging tables, chairs, . . . and other furniture" as readily achievable removals. 28 C.F.R. § 36.304(b). Plaintiff's Complaint requests these precise removals, alongside other similar alterations. See, e.g., Dkt. No. [1] ¶ 28(a)(i) (describing "a gate or door with a continuous opening pressure of greater than 5" pounds that aggravated Plaintiff's injuries); id. ¶ 28(a)(iii) (detailing improper grab bars in the men's restroom); id. ¶ 28(b)(i), (c)(i) (noting the need for "correct clear floor space" under tables in Aloft's lounge areas). Plaintiff claims that these barriers hampered his ability to visit Aloft safely because of his "impaired mobility and limited range of motion," constituting ADA discrimination. Id. ¶ 29. Thus, the Court finds that Plaintiff sufficiently alleged ADA violations for failure to remove architectural barriers at Aloft.

Next, the ADA regulations also demand that "[a] public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 28 C.F.R. § 36.302(a). Plaintiff requests an order requiring Defendant to "evaluate and neutralize its policies, practices, and procedures." Dkt. No. [1] at 9. To the extent that Defendant's policies, practices, or procedures perpetuate discrimination on the basis of disability at Aloft, they violate ADA regulations and must be updated to conform to ADA requirements. Therefore, the Court finds that Defendant must

modify these practices as necessary to provide accessible facilities so that guests with disabilities may fully enjoy its Aloft hotel.

### C.  Equitable Relief

Plaintiff requests that the Court grant both declaratory and injunctive relief. Specifically, Plaintiff seeks the following:

1. A declaration that Aloft's facilities violate the ADA,
2. A declaration that Aloft's facilities violate the 2010 Standards,
3. An order requiring Defendant to bring Aloft's facilities into full compliance with the ADA and 2010 Standards, and
4. An order "directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities."

Id.

The ADA provides for equitable relief: the Court "may grant any equitable relief that [the] court considers to be appropriate, including . . . granting temporary, preliminary, or permanent relief" to remedy Title III violations. 42 U.S.C. § 12188(b)(2)(A). Further, in a default judgment setting, injunctive relief is available. See, e.g., PetMed Express, Inc. v. MedPets.com, Inc., 336 F. Supp. 2d 1213, 1222–23 (S.D. Fla. 2004).

As stated in this Order, Defendant violated both the ADA and the 2010 Standards at its Aloft facility by failing to remove impermissible architectural barriers and failing to modify its policies, practices, and procedures to eliminate discrimination on the basis of disability. Accordingly, Plaintiff's request for equitable relief is **GRANTED**. Plaintiff did not make a specific request regarding

9

an appropriate time for implementation of this Order, but the Court finds that 180 days is a reasonable period. Therefore, Defendant is **ORDERED** to remove improper architectural barriers to bring the Aloft facility into full compliance with the ADA and to modify its policies, practices, and procedures at Aloft that violate the ADA within **180 days**.

### D. Attorney's Fees

Finally, the Court finds that Plaintiff is entitled to his requested attorney's fees and costs. Plaintiff requests that the Court award attorney's fees, court costs, expert fees, and expenses as permitted by statute. Dkt. No. [1] at 9; Dkt. No. [7] at 22. The ADA provides for awards of attorney's fees, litigation expenses, and costs to prevailing parties. 42 U.S.C. § 12205.

In determining a reasonable award of attorneys' fees, the Court first calculates the "lodestar" amount—that is, the number of hours reasonably expended on the litigation times a reasonable hourly rate. ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). "The fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates" and should "supply[] the court with specific and detailed evidence" of such. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299. Courts are themselves experts on the question of whether hourly fees and time expended are reasonable and "may consider its own knowledge and experience" to

"form an independent judgment" in making an award. Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

After the applicant puts forward a number of hours and an hourly rate, the Court determines "the nature and extent of the services rendered" and "the value of those services." In re Horne, 876 F.3d 1076, 1084 (11th Cir. 2017) (quoting Grant v. George Schumann Tire & Battery Co., 908 F.2d 874, 877–78 (11th Cir. 1990)). The Court may then consider the factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), "to determine if the proposed rate accurately reflects the true worth of counsel."[3] In re Home Depot, Inc., 931 F.3d 1065, 1091 (11th Cir. 2019). The lodestar should not include hours "that are 'excessive, redundant or otherwise unnecessary,'" id. at 1087 (quoting Norman, 836 F.2d at 1301), and the Court may determine hours' necessity through a "task-by-task examination of the hours billed." Barnes, 168 F.3d at 429.

---

[3] Those factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the legal questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Horne, 876 F.3d at 1084 (quoting Grant, 908 F.2d at 878 n.9).

With his Motion for Default Judgment, Plaintiff attached an invoice outlining his legal fees and expenses with a declaration from his attorney asserting that the invoice accurately represents the costs and fees incurred in this litigation. Dkt. No. [7] at 21–22. The Court finds these expenses to be reasonable. Plaintiff's counsel charged only $202.50 in legal fees for less than one hour spent drafting pleadings, a reasonable rate and a reasonable amount of time expended on this litigation. Id. at 22. The other three items include a filing fee, a service fee, and an ADA expert fee—all at reasonable rates totaling $2,318.00. Id. Therefore, Plaintiff is awarded attorney's fees and costs totaling $2,520.50.

## IV.   CONCLUSION

In accordance with the foregoing, Plaintiff's Motion for Default Judgment [7] is **GRANTED**. Defendant is **ORDERED** to make Aloft accessible to the full extent required by Title III of the ADA and the 2010 Standards within **180 days**. Defendant is further **ORDERED** to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities within **180 days**. If Defendant needs additional time to complete the actions required in this Order, Defendant should file a motion with the Court requesting additional time. Last, Defendant is **ORDERED** to pay Plaintiff $2,520.50 for attorney's fees and associated costs. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 12th day of September, 2022.

*/s/ Leigh Martin May*
**Leigh Martin May**
**United States District Judge**